IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY L. MEIER,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>                                       / | No. C 05-04404 WHA<br><br>**ORDER RE MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS; ORDER VACATING HEARING** |

       Plaintiff, acting *pro se*, filed this lawsuit against the United States under the Federal Tort Claims Act. In February 2007, judgment was entered in favor of defendant following a bench trial. In February 2009, after an unsuccessful appeal, the clerk taxed costs against plaintiff in the amount of $28,993.14. Plaintiff now moves for review of the clerk's taxation of costs (Dkt. No. 135). For the reasons that follow, plaintiff's motion will be **GRANTED IN PART** and **DENIED IN PART**. The hearing scheduled for April 16, 2009, is hereby **VACATED**.

       FRCP 54(d)(1) states, in pertinent part, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." This rule creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir.2000) (en banc). The following categories of costs may be taxed:

       (1) Fees of the clerk and marshal;

       (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. 1920. Taxation of costs is limited to these enumerated categories. The local rules provide further guidance regarding the taxable costs in each category. Civ. Local Rule 54-3.

Plaintiff objects to taxation of several categories of costs: (1) certain deposition-related costs; (2) expediting, messenger and handling costs; (3) certain hearing costs; (4) subpoena costs; and (5) exemplification fees.

**1. DEPOSITION COSTS.**

Costs were taxed against plaintiff both for a stenographic transcript and for a video tape of four depositions. Plaintiff opposes a total of $6,580 in costs associated with those four depositions — the bulk being costs to video tape the depositions, and the remainder for an "ASCII Disk" copy, a "Min-U-Script" and word index.

Civil Local Rule 54-3(c)(1) states: "[t]he cost of an original and one copy of any deposition (including video taped depositions) taken for any purpose in connection with the case is allowable." The local rule thus expressly permits taxation of costs for video-taped depositions, and recent decisions have interpreted this rule to permit taxation of costs both for a stenographic transcript and a video tape in appropriate circumstances.[1] Plaintiff is correct that on occasion decisions have rejected costs for video taping where costs for a stenographic transcript were also taxed. *Affymetrix, Inc. v. Multilyte Ltd.*, 2005 WL 2072113 (N.D. Cal. 2005) (Alsup, J.). In *Affymetrix*, however, the clerk had disallowed costs for the video taping

---

[1] *See, e.g.*, *Asyst Technologies v. Emtrak Inc.*, 2009 WL 668727 (N.D. Cal. 2009) (Fogel, J.); *Pixion Inc. v. Placeware Inc.*, 2005 WL 3955889, at *2 (N.D. Cal.2005) (Illston, J.); *Fresenius Medical Care Holdings, Inc. v. Baxter Intern.*, 2008 WL 2020533 (N.D. Cal. 2008) (Armstrong, J.); *MEMC Electronic Materials v. Mitsubishi Materials*, 2004 WL 5361246 *8 (N.D. Cal. 2004) (Spero, J.).

2

1  where significantly more costs had been taxed than in this case; the decision found that
2  disallowance appropriate under the circumstances. Recent decisions have interpreted the rule to
3  permit costs both for a transcript and a video tape. Here, given the numerous discovery
4  disputes, the contentious nature of this case and the need to have a video record of the behavior
5  of the deponent, this order finds that costs both for the video and the stenographic transcript of
6  the depositions may be taxed. Plaintiff's motion to review the deposition costs is therefore
7  denied.

**2.    EXPEDITING COSTS.**

Plaintiff next challenges $6,225.67 in costs associated with expediting depositions, including associated messenger and handling fees. As both sides recognize, extra delivery or messenger fees are not normally taxable. *Affymetrix*, 2005 WL 2072113 at *2. Here, however, the depositions were expedited in order to accommodate the tight deposition schedule plaintiff himself requested. The costs to expedite the depositions therefore were not "extra;" they were necessary under the circumstances of this case. Plaintiff's motion for review of the expediting costs is denied.

**3.    HEARING COSTS.**

Plaintiff also challenges $317.90 in costs for hearing transcripts. As stated, Section 1920 permits taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Civil Local Rule 54-3(b) further provides:

> (1) The cost of transcripts necessarily obtained for an appeal is allowable.
>
> (2) The cost of a transcript of a statement by a Judge from the bench which is to be reduced to a formal order prepared by counsel is allowable.
>
> (3) The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel.

This was among those cases in which transcripts were necessarily obtained for appeal and otherwise. This case was contentiously litigated through trial and appeal. Court involvement was necessary on multiple occasions to settle discovery disputes. Plaintiff's challenge to the hearing-transcript costs is denied.

3

**4.     SUBPOENA COSTS.**

Plaintiff challenges $794.15 in costs to subpoena certain release forms. Subpoena costs are not among those costs enumerated in Section 1920. Defendant argues that the subpoenas were necessary because plaintiff was not forthcoming with the records but points to no authority indicating that such costs are taxable. Plaintiff's motion for review of the subpoena costs is granted.

**5.     EXEMPLIFICATION COSTS.**

Plaintiff opposes exemplification costs on the grounds that defendant failed to provide adequate documentation. Under Section 1920, "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable.

Defendant explained that the costs were for approximately 5,000 pages of in-house copying taxed at a rate of ten cents per page. For a case such as this spanning well over three years, these costs were reasonable. This order accepts that they were necessarily incurred. Moreover, the costs were specifically identified in defendant's declaration in support of the bill of costs; this order declines to require defendant to provide copy-by-copy documentation of the costs. *See Adidas America, Inc. v. Payless Shoesource, Inc.*, 2009 WL 302246, at *4 (D. Or. 2009). Plaintiff's motion for review of the exemplification costs is denied.

Finally, this order rejects defendant's contention that the costs (with the exception of those amounts already disallowed) were "unreasonably large." For all of the above-stated reasons, plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**. Costs will be taxed in the amount of $28,198.99. The hearing scheduled for April 16, 2009, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: April 13, 2009.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4